IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

VICKI STEWART-SEAMSTER                                                         PLAINTIFF

     v.                              CIVIL NO. 2:15-cv-02220-MEF

CAROLYN COLVIN, Commissioner
Social Security Administration                                                 DEFENDANT

## MEMORANDUM OPINION

     Vicki Stewart-Seamster ("Plaintiff") brings this action under 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of Social Security Administration ("Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

     The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 6)[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**    **Background:**

     Plaintiff filed her disability application for DIB on June 28, 2010. (ECF No. 13, p. 666-668) Plaintiff alleges being disabled due to depression, anxiety, right wrist and shoulder problems,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "ECF No. ___, p. ___."

left foot problems, and heart problems. (ECF No. 13, p. 729) Her application was denied initially and again upon reconsideration. (ECF No. 13, p. 539)

Plaintiff requested an administrative hearing, which was held on June 9, 2011. (ECF No. 13, p. 481-507) On August 30, 2011, the Administrative Law Judge ("ALJ"), Hon. Edward M. Starr, entered an unfavorable decision denying the Plaintiff's application for DIB. (ECF No. 13, pp. 536-46) Plaintiff requested a review by the Appeals Council, which subsequently vacated the hearing decision on April 19, 2013, and remanded the case for further development of the record because the hearing recording was partially inaudible and the medical evidence on the record was insufficient to comply with regulatory standards. (ECF No. 13, pp. 550-52)

Thereafter, another administrative hearing was held on August 15, 2013 in Fort Smith, Arkansas. (ECF No. 13, pp. 508-33) Plaintiff was present and was represented by counsel, David Harp. *Id.* The Plaintiff and a Vocational Expert ("VE"), Montie Lumpkin, testified at this hearing. *Id.* During the hearing, Plaintiff's counsel amended the alleged onset date to January 1, 2011. (ECF No. 13, p. 515) Plaintiff testified she was fifty-three (53) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d). (ECF No. 13, p. 511) Concerning education, Plaintiff previously testified at her first administrative hearing that she nearly completed an associate's degree. (ECF No. 13, p. 484)

On January 28, 2014, the ALJ entered an unfavorable decision denying the Plaintiff's application for DIB. (ECF No. 13, pp. 460-75) In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2013. (ECF No. 13, p. 466, Finding 1) The ALJ found the Plaintiff had not engaged in substantial gainful activity ("SGA") during the period from her original alleged onset date of April 15, 2010 through her date last insured on June 30, 2013. (ECF No. 13, p. 466, Finding 2) The ALJ determined the Plaintiff had the following

2

severe impairments: musculoskeletal disorder (osteoarthritis), cardiovascular disorder (hypertension), obesity, and mental disorders (affective disorders, depression and anxiety). (ECF No. 13, pp. 466-67, Finding 3) The ALJ determined these impairments did not meet or medically equal the requirements of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). (ECF No. 13, pp. 467-68, Finding 4)

The ALJ then considered Plaintiff's residual functional capacity ("RFC"). (ECF No. 13, pp. 464-73, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined the Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except as follows:

> The claimant is able to frequently lift and/or carry ten pounds and occasionally twenty pounds, sit for a total of six hours in an eight hour workday, and stand and/or walk for a total of six hours in an eight hour workday. The claimant cannot climb ladders, ropes, or scaffolds. The claimant can occasionally climb ramps or stairs, balance, crawl, kneel, stoop, or crouch. The claimant can perform work consisting of simple, routine, and repetitive tasks with incidental contact with others and supervision that is simple, direct, and concrete.

*Id*.

The ALJ then evaluated Plaintiff's past relevant work ("PRW"). (ECF No. 13, p. 473, Finding 6). The VE testified at the administrative hearing regarding this issue. (ECF No. 13, pp. 528-32) Considering Plaintiff's RFC, the ALJ determined Plaintiff was unable to perform any past relevant work. (ECF No. 13, p. 473, Finding 6). Based on Plaintiff's age, education, work experience, and her RFC, the ALJ determined there were jobs existing in significant numbers in the national economy the Plaintiff could perform, such as: a cutting/slicing machine tender, which has representative DOT codes of 976.685-010 and 640.6685-30, with approximately 24,858 jobs in the national economy, and approximately 321 jobs in the state of Arkansas; as a production helper, which has representative DOT codes of 589.687-022 and 789.687-166, with approximately

87,246 jobs in the national economy, and approximately 2,241 jobs in the state of Arkansas; and, as a sorter and weigher, which has representative DOT codes of 222.387-074 and 788.687-016, with approximately 129,275 jobs in the national economy, and approximately 1,550 jobs in the state of Arkansas. (ECF No. 13, pp. 474-75) Because jobs exist in significant numbers in the national economy which Plaintiff can perform, the ALJ concluded that Plaintiff had not been under a disability, as defined by the Act, from Plaintiff's original alleged onset date of April 15, 2010, through Plaintiff's date last insured on June 30, 2013. (ECF No. 13, p. 470, Finding 11)

On February 6, 2014, the Plaintiff requested a review by the Appeals Council. (ECF No. 13, pp. 458-59) The Appeals Council denied this request on September, 2015. (ECF No. 13, pp. 6-14) Plaintiff then filed the present action with this Court on October 14, 2015. (ECF No. 1) The Parties consented to the jurisdiction of this Court on October 22, 2015. (ECF No. 6)

On October 28, 2016, oral argument was held before the undersigned wherein the Plaintiff's attorney, David Harp, appeared in person on behalf of the Plaintiff, and attorney, Stuart Cox, appeared via telephone on behalf of the Commissioner. (ECF No. 14) Based on the briefs of the parties and the arguments presented at oral argument, this Court took the case under advisement for further review and consideration. (ECF No. 14) The case is now ready for decision.

**2.    Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v.* Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,*

761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*. Thus, the Court's review is limited and deferential to the Commissioner. *See Ostronski v. Chater*, 94 F.3d 413, 416 (8th Cir. 1996); *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014).

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy

given his or her age, education, and experience.  *See* 20 C.F.R. § 404.1520(a)(4).  Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity.  *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520(a)(4)(v).

**3.     Discussion:**

Plaintiff raises three arguments for reversal: (1) the ALJ erred in failing to make a proper credibility finding as the analysis did not comply with *Polaski v. Heckler*; (2) the ALJ's RFC determination is inconsistent with the record; and, (3) the ALJ erred at step five of the sequential evaluation process because the Plaintiff cannot perform the jobs identified by the ALJ.  (ECF No. 11)

**A.     Credibility Analysis:**

In assessing the credibility of a claimant, the ALJ is required to consider and apply the factors set forth in *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  The *Polaski* factors are: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and, (5) the functional restrictions.  *See Polaski,* 739 at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See Id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See Id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaints of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The Court finds the ALJ had sufficient evidence and stated good reasons for discrediting the Plaintiff's subjective complaints. The ALJ has properly assessed the Plaintiff's credibility by examining the medical evidence, application documents, and testimony at the hearing in accordance with relevant Eighth Circuit case law, regulations, and SSRs.

The ALJ compared the Plaintiff's subjective complaints against the objective medical evidence available in finding the Plaintiff's subjective complaints were not fully credible, but he also went further. The ALJ considered the Plaintiff's activities of daily living and found them to

be inconsistent with her allegations of total disability. The ALJ also noted the Plaintiff was repeatedly noncompliant with treatment, and considered that some of her symptoms (such as her hypertension) were managed when she was taking her medication properly. The ALJ further considered the Plaintiff's statement to Arkansas Rehabilitation Services during a psychological screening interview and assessment that she did not have any symptoms or a history of depression or anxiety. Finally, the ALJ did not entirely discount the Plaintiff's subjective complaints of pain and stated in his opinion that limitations arising from her complaints of foot pain were specifically considered.

Accordingly, the Court finds that the ALJ conducted a proper credibility analysis, and that the ALJ's analysis and determination is based on substantial evidence in the record as a whole.

### B. RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. § 404.1545(b); Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642,

8

646 (8th Cir. 2003). Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614, 619 (8th Cir. 2007), citing *Lauer v. Apfel*, 245 F.3d at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir. 2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner. 20 C.F.R. § 404.1546.

The Court finds the ALJ considered all of the Plaintiff's alleged impairments, and that the ALJ's RFC determination is supported by substantial evidence on the record as a whole.

The alleged onset date in this case, as amended at the administrative hearing, is January 1, 2011, and the relevant period runs through the date of the ALJ's decision on January 28, 2014. The record shows that the Plaintiff visited Dr. Stewart in December of 2010, and then it appears the Plaintiff did not visit a healthcare provider again until August 14, 2013. Dr. Stewart's record on August 14, 2013, indicates that Plaintiff stated she had been out of all of her medications (other than thyroid) for a "long time." (ECF No. 13, p. 1000) Concerning depression, Dr. Stewart noted that Plaintiff was "not doing well with her symptom control," but that "[s]he has not been faithful to medication." *Id*. Regarding her osteoarthritis, Dr. Stewart noted "no change" since Plaintiff's last visit, only occasional morning stiffness, that her symptoms are "well controlled overall with current therapy," and he discussed with Plaintiff "the importance of regular exercise to strengthen soft tissue." A six-month follow-up was recommended. (ECF No. 13, p. 1001) Eighth Circuit law is clear that lack of objective medical evidence during the relevant period is a factor the ALJ and this Court must consider.

The ALJ considered the consultative examination conducted by Clifford L. Evans, M.D. on December 4, 2013 (ECF No. 13, pp. 1004-008), but discounted Dr. Evans' opinion due to its inconsistency with other medical evidence in the record. For example, the ALJ noted that the Plaintiff had a slow and deliberate gait, but this had not been noted by her other healthcare providers; and, that Plaintiff sometimes used a cane, but that no physician had prescribed use of a cane. (ECF No. 13, p. 471) The ALJ further noted that Dr. Evans' diagnoses of fibromyalgia and sacroiliitis were completely inconsistent with the diagnoses of the Plaintiff's other healthcare providers. *Id.*

Evidence from June of 2010 indicates x-rays of the Plaintiff's left ankle and foot showed only mild osteoporotic change, mild to moderate degenerative changes, and a prominent calcaneal spur. (ECF No. 13, pp. 841-46) Plaintiff complained of pain with prolonged walking or standing to Dr. Stewart in October and December of 2010, and Dr. Stewart noted the Plaintiff had mild diffuse joint pain with episodic flare ups. (ECF No. 13, pp. 858-63, 876-81, 883-90) As discussed above, the Plaintiff did not seek any further treatment regarding this pain until August of 2013, and the Plaintiff did not complain of any disabling neck or back pain until July of 2014 with Dr. Goodman.

With regard to the mental component of the ALJ's RFC determination, the ALJ considered the consultative examination conducted by psychologist, Terry L. Efird, Ph.D., and determined it supported that the Plaintiff could at least engage in unskilled work with limited interaction with others. (ECF No. 13, p. 472) In June of 2010, the Plaintiff was prescribed Fluoxetine for depression symptoms, then she wanted a different prescription in October of 2010 and was given Citalopram Hydrobromide. (ECF No. 13, pp. 841-46, 858-59, 876-78, 883-84, 886) Thereafter, the Plaintiff went nearly three years, until August of 2013, without seeking any further mental

10

health treatment, and she discontinued the use of nearly all of her medication. (ECF No. 13, pp. 1000-003)

Turning to the additional medical evidence submitted by Plaintiff, reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Woolf v. Shalala*, 3 F.3d 1210 (8th Cir. 1993); *Chandler v. Secretary of Health and Human Servs.*, 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." *Woolf*, 3 F.3d at 1215. Thus, to qualify as "material," the additional evidence must not merely detail after-acquired conditions or post-decision deterioration of a pre-existing condition. *See Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997) (holding immaterial evidence detailing a single incident occurring after decision and noting proper remedy for post-ALJ deterioration is a new application).

The record indicates that the Plaintiff's treating physicians have consistently encouraged the Plaintiff to be more physically active instead of placing limitations on her. For example, in August of 2013, Dr. Stewart counseled the Plaintiff on the importance of regular exercise to strengthen soft tissues. (ECF No. 13, p. 1001) On July 28, 2014, during a pain clinic consultation, Dr. Brian Goodman specifically considered whether to place the Plaintiff on some kind of activity restriction, stating "I do not think any activity restrictions are indicated at this time," and instead, he advised the Plaintiff to "increase her activity levels to include walking and minimizing time spent recumbent." (ECF No. 13, p. 424) On March 3, 2015, Dr. Ruth L. Thomas, the Plaintiff's

11

foot surgeon, advised the Plaintiff to do double heel rises until she could easily do 50 at a time, at which point she was to switch to doing heel rises on only her left foot, and she was to practice walking around the house on her tip toes. (ECF No. 13, p. 321)

The Court heard oral argument with regard to this additional medical evidence and, in particular, that Dr. Thomas had finally discovered the condition from which the Plaintiff suffered, namely a skewfoot deformity. Plaintiff argued that her condition is not an acute condition acquired sometime in 2014, but instead, is the source of all of her foot problems throughout the relevant period. Thus, Plaintiff contends the additional medical evidence is therefore material. This Court, having examined the record as a whole, and having compared the additional medical evidence with the other evidence in the record, finds that the additional medical evidence does not demonstrate that Plaintiff's impairment was disabling during the relevant period for which benefits were denied, and that there is not a reasonable likelihood that it would have changed the Commissioner's determination. The additional medical evidence demonstrates post-decision deterioration of the Plaintiff's pre-existing condition; therefore, the additional medical evidence is immaterial, and the Commissioner did not commit error in refusing to consider it.

Accordingly, the Court finds the ALJ's RFC determination of sedentary work with certain restrictions was based on substantial evidence in the record as a whole.

    C.    <u>**Step Five Analysis:**</u>

Plaintiff's argument with regard to the ALJ's determination at step five of the sequential evaluation process is essentially a disagreement with the ALJ's RFC determination and the hypothetical question based on it. Because the Court finds that the ALJ's RFC determination was based on substantial evidence in the record as a whole, and that the ALJ's hypothetical presented to the VE that valid RFC determination, the Court finds that the ALJ's determination at step five

of the sequential evaluation process was proper, and the VE's testimony constitutes substantial evidence that there are jobs available in the national economy which exist in significant number that the Plaintiff can perform.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to the Plaintiff, is supported by substantial evidence and it should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

ENTERED this 21st day of November, 2016.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE